UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jyron Mendale Young, | Case No. 22-cv-1989 (MJD/TNL) |
| Plaintiff, | |
| v. | ORDER |
| City of Bloomington Police Department, Chris Wegner, City of Richfield Police Department, Amanda Johnson, and Unknown Officers #1–30, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Jyron Mendale Young's (1) document titled "Motion to Waive Initial File Fee" [ECF No. 11 ("Motion")], and (2) letter to the Court received on September 29, 2022 [ECF No. 12 ("Letter")].

The Motion and Letter respond to this Court's order dated September 22, 2022, which gave Young additional time to pay this action's initial partial filing fee ("IPFF"). [*See* ECF No. 10 at 2.] The Motion asks the Court to waive the IPFF. Here, Young states that he is an "indigent pretrial detainee" who has "no way of paying [the IPFF]" because his trust-fund account balance is below $1.00. [Mot. 1.] The Letter similarly asks the Court to waive the IPFF; Young states that he has no way to pay the IPFF due to his "family turning [their backs] on [him]" and the alleged fact that he has not "had any money what so ever for the past months as the record confirms." [Ltr. 1.]

As a threshold point, the Court cannot "waive" the IPFF. Under 28 U.S.C. § 1915(b)(4), however, no prisoner "shall . . . be prohibited from bringing a civil action . . .

for the reason that the prisoner has no assets and no means by which to pay the [IPFF]." The Court thus interprets Young as asking the Court to declare him a no-assets-and-no-means litigant under § 1915(b)(4).

The record does not support this request. Young has submitted two Certificates of Authorized Prison Officials indicating his financial situation on August 8, 2022, and September 26, 2022. [*See* ECF Nos. 12-1, 12-2.] The earlier certificate states that Young's average monthly deposits during the six-month period before August 8, 2022, were $321.06, while his average balance during the same period was $21.48. [*See* ECF No. 12-1.] The later certificate states that Young's average monthly deposits during the six months before September 26, 2022, were $293.00, and that his average balance during that period actually *increased*—to $32.06. [*See* ECF No. 12-2.] Young does not challenge any of the provided calculations. So while both of these certificates state that Young had negligible assets on hand when the relevant prison official completed them, they do not show that Young actually has "no assets and no means." The Motion is thus **DENIED** (as is the Letter, to the extent it reflects a similar request).

[Continued on next page.]

3

The Court will give Young one final extension of time in which to pay this action's $62.41 IPFF.  The Court orders Young to pay this fee **within 21 days of this Order's date**, failing which the Court will deem him to have abandoned this action and will recommend dismissing this case without prejudice for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**


Dated: October__7__, 2022 　　　　　　　　　　　　 *s/ Tony N. Leung*
　　　　　　　　　　　　　　　　　　　　　　　Tony N. Leung
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　District of Minnesota


　　　　　　　　　　　　　　　　　　　　　　　*Young v. City of Bloomington Police De-*
　　　　　　　　　　　　　　　　　　　　　　　*partment et al.*
　　　　　　　　　　　　　　　　　　　　　　　Case No. 22-cv-1989 (MJD/TNL)