UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jyron Mendale Young, | Case No. 22-cv-1989 (MJD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Bloomington Police Department *et al.*, | |
| Defendants. | |

This matter comes before the Court on *pro se* Plaintiff Jyron Mendale Young's Motion for Appointed Counsel and Referral to Pro Se Project, ECF No. 22. Plaintiff is currently incarcerated. *See, e.g.*, ECF No. 22 at 1. Plaintiff brings the instant action alleging violations of his civil rights, among other things, in connection with allegations of excessive force.

Plaintiff seeks Court-appointed counsel or a referral by the Court to a program of the Minnesota Chapter of the Federal Bar Association ("FBA") known as the FBA Pro Se Project, where volunteer lawyers donate their time to assist unrepresented individuals. Plaintiff asserts that he is "unable to perform [an] adequate investigation into the proceedings" because his present incarceration hinders his ability "to take necessary legal action in a timely fashion," "which could prevent [him] from making certain order deadlines." ECF No. 22 at 1. Plaintiff asserts that such appointment or referral would assist both himself and the Court in "this complex[] matter." ECF No. 22 at 1.

1

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *accord Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (same). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added); *see, e.g.*, *Crozier for A.C. v. Westside Comm. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."[1] *Phillips*, 437 F.3d at 794; *accord Ward*, 721 F.3d at 942. "The court has a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *accord Crozier*, 973 F.3d at 890; *see Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam).

Plaintiff's filings to date demonstrate his ability to articulate his position to the Court and a basic understanding of legal procedure, including filing motions as a means of seeking relief from the Court. The factual and legal issues underlying this litigation do not appear any more complex than other civil-rights matters routinely brought before this Court. In addition, while Plaintiff has generally asserted that his present incarceration impedes his ability to discover the relevant facts, Plaintiff has not identified with any sort

---

[1] The Court finds these factors similarly informative in determining whether a referral to the Pro Se Project should be made.

2

of particularity the need for and inability to obtain certain specific discovery in this matter. *See Trotter*, 636 F. App'x at 373; *cf. Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) ("Given that most indigent prisoners will face similar challenges in bringing § 1983 claims, a finding that the district court abused its discretion [in not appointing counsel] on these bases would be tantamount to recognizing a right to appointed counsel for indigent prisoners in such cases."). Further, as stated in the Pretrial Scheduling Order also issued today, Plaintiff may, if necessary, move for modification of a deadline by filing a "formal motion and . . . showing good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3."

Based on the foregoing, the Court concludes that appointment of counsel or a referral to the Pro Se Project is not warranted at this time. The Court will, however, direct the Clerk of Court to provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook, a resource for litigants like Plaintiff who are representing themselves. Lastly, should this matter proceed to trial, Plaintiff may renew his request for appointment of counsel at that time. *See Trotter*, 636 F. App'x at 373.

[Continued on next page.]

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointed Counsel and a Referral to Pro Se Project, ECF No. 22, is **DENIED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff with a copy of the Court's Pro Se Civil Guidebook.

Date: February  8 , 2023

      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Young v. City of Bloomington Police Department et al.*
Case No. 22-cv-1989 (MJD/TNL)