# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jyron Mendale Young, | Case No. 22-cv-1989 (MJD/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| City of Bloomington Police Department, Officer Chris Wegner, City of Richfield Police Department, Officer Amanda Johnson, and Unknown Officers #1–30, | |
| Defendants. | |

This matter is before the Court on *pro se* Plaintiff Jyron Mendale Young's renewed Motion for Appointed Counsel (Motion ("Mot."), Doc. 34.) Mr. Young seeks the Court's assistance in "the recruitment of counsel," because he believes that he is unable to litigate the case on his own because of the "extremely limited resources the jail has to offer." (*Id.* at 1.) Mr. Young renews this Motion after the Court denied, without prejudice, the first Motion for Appointed Counsel, and provided Mr. Young with a hardcopy version of the Court's Pro Se Civil Guidebook ("Guidebook"). (Doc. 30.)

Plaintiffs in civil proceedings do not have a constitutional or statutory right to appointed counsel. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Instead, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Foster v. Litman*, No. 19-cv-0260 (JNE/ECW), 2020 WL 4548281, at *5

(D. Minn. Aug. 6, 2020) (quoting *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982)). Before appointing counsel, a court must satisfy itself that an indigent plaintiff has made a good faith attempt to retain counsel and was unsuccessful. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984). Then a court should determine whether the plaintiff and the court would benefit from the assistance of counsel. *Id.* Relevant factors in determining whether appointing counsel is appropriate include "the factual complexity of the case, the ability of the indigent [party] to investigate the facts, the existence of conflicting testimony, the ability of the indigent [party] to present [their] claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing *Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986)).

Here, there is no record that Mr. Young made a good faith effort to retain counsel but failed. Additionally, while Mr. Young has asserted that his incarceration hinders his ability to litigate this case on his own, he has not identified any specific roadblocks to litigation. Mr. Young's filings throughout this case have demonstrated his ability to articulate his positions to the Court and his basic understanding of legal procedure; he has shown his ability to file motions as a means for seeking relief from the Court; and the factual and legal disputes in this case do not appear any more complex than other civil rights matters that this Court routinely hears. Based on the above, the Court concludes that appointment of counsel or referral to the Pro Se Project is not warranted at this time.

The Court reminds Mr. Young that, if necessary, he may move for modification of a deadline by filing a formal motion and showing good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3 of this District. Finally, the Court reiterates

that should this case go to trial, Mr. Young may renew his request for appointment of counsel at that time. *See Trotter v. Lawson*, 636 F. App'x 371, 373 (8th Cir. 2016) (per curiam) (collecting cases).

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that Mr. Young's Motion for Appointed Counsel (Doc. 34) is **DENIED WITHOUT PREJUDICE.**

Date: June 12, 2023                                  *s/Douglas L. Micko*
                                                     DOUGLAS L. MICKO
                                                     United States Magistrate Judge