UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jyron Mendale Woodard, | Case No. 22-cv-1989 (MJD/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Officer Chris Wegner, in his individual and official capacity; Officer Amanda Johnson, in her individual and official capacity; Unknown Officers #1-30, in their individual and official capacity, | |
| Defendants. | |

On May 21, 2024, this Court issued an Order for Plaintiff Jyron Woodard to show cause why Unknown Officers #1-30 should not be dismissed. (*See generally* Doc. 77.) The Court advised Mr. Woodard that if he did not respond to the Order to Show Cause by June 11, 2024, the Court would recommend that Unknown Officers #1-30 be dismissed without prejudice for failure to serve them according to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.* at 14-15.) The deadline for Mr. Woodard to respond to the Court's Order to Show Cause has since come and gone, and Mr. Woodard has filed no response.[1]

---

[1] On June 14, 2024, Mr. Woodard filed a Motion for Acceptance of Late Objection/Appeal to Summary Judgment, asking the District Court to accept his untimely objections to the Magistrate Judge's Report and Recommendation. (Doc. 78.) While the District Court granted Mr. Woodard's motion and accepted the objection (Doc. 79) the objection itself made no mention of the Order to Show Cause or Unknown Officers #1-30. (*See generally* Docs. 78; 78-1.)

Moreover, Mr. Woodard has still neither identified, nor served the Unknown Officers with a complaint.

"[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Larson v. Lake*, No. 17-cv-3551 (NEB/ECW), 2019 WL 5150832, at *19 (D. Minn. June 10, 2019) (quoting *Est. of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995)), *R. & R. adopted as modified sub nom. Larson v. Carlton Cnty. Jail*, No. 17-cv-3551 (NEB/ECW), 2019 WL 4187839 (D. Minn. Sept. 4, 2019), *aff'd,* 810 F. App'x 489 (8th Cir. 2020). But if after discovery has closed, a plaintiff still has not identified an unnamed defendant, dismissal is proper. *Id.* (citing *Gold Star Taxi & Transp. Serv. v. Mall of Am. Co.*, 987 F. Supp. 741, 753 (D. Minn. 1997)). The failure to name defendants also prevents their proper service and therefore claims against unnamed defendants must be dismissed under Federal Rule of Civil Procedure 4(m). *See Zimmerman v. Bellows*, 988 F. Supp. 2d 1026, 1033 (D. Minn. 2013).

As the Court explained in its Order to Show Cause, Mr. Woodard had the opportunity to identify the Unknown Officers through the course of discovery, move to amend his complaint, and serve the identified defendants with the amended complaint. But nearly two years have gone by and Mr. Woodard has failed to do so. Now, he has also failed to respond to the Court's Order to Show Cause. As a result, his failure to identify the Unknown Officers, and thus his failure to serve them according to Rule 4(m), requires dismissal without prejudice. *Zimmerman,* 988 F. Supp. 2d at 1033.

Accordingly, based on all the files, records, and proceedings in this case, the Court

**RECOMMENDS** that:

1. Unknown Officers #1-30 be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m).

DATE: July 9, 2024                               *s/Douglas L. Micko*
                                                DOUGLAS L. MICKO
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).